UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEROY HOWELL and KATHERINE M. HOWELL, husband and wife,<br><br>Defendants. | Case No. 3:16-cv-00164-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court are two motions to intervene filed by the Nez Perce Tribe (Dkt 9) and Christopher George, Lou Ann Lasswell, Samuel George, Jennifer George, Felicia Salas, and Shawney Hardridge (collectively "Allottees") (Dkt 29) (hereinafter "the applicants"). For the foregoing reasons, the Court will grant the motions.

## FACTUAL AND PROCEDURAL BACKGROUND

This case began with the filing of a Complaint by the United States against Leroy and Katherine Howell on April 19, 2016 (Dkt 1). The Complaint alleges, *inter alia*, that since the mid-nineties, the Howells have illegally removed sand and gravel from their scrapyard business for profit, including diverting Seven Mile Creek in which Allotment 1156 runs through, on said lands. Despite multiple BLM surveys (in 2005 and 2010)

concluding the Howell's property encroached on several acres of land held in trust by the United States on behalf of the Nez Perce and Muscogee Creek Nation Tribes, the Howells have ignored multiple cease and desists orders sent by the BLM and BIA regarding the affected properties.

Following the 2005 BLM resurvey on February 27, 2008, the Howells filed an administrative protest with the BLM contesting the survey's boundary lines. The protest was denied. The Howells filed an appeal which was also denied. In 2011, the Howells filed an action to quiet title to 146 acres of land surveyed in 2005, including 1.97 acres in Allotment 1156 and 6.630 acres in Tract T3193A. The Nez Perce Tribe and the Department of the Interior filed successful motions to dismiss the Howell's claim.

In its Complaint, the United States prays for relief in the form of an injunction, ejection, conversion, trespass, and nuisance. The applicants now seek to intervene.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24 provides for intervention as a matter of right, as well as permissive intervention. Rule 24(a) delineates intervention as a matter of right to a four-part test. To grant a motion to intervene as of right requires: (1) the motion be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d

1173, 1177 (9th Cir. 2011). Whether intervention is appropriate rests on "practical and equitable concerns. *Sullivan v. Quality Loan Service Corp.*, No. 1:10-CV-436-BLW, 2011 WL 124280, at *4 (D. Idaho Jan. 11, 2011). Further, "the requirements for intervention are broadly interpreted in favor of interventions." *Id.* The standard is construed liberally but "the applicant bears the burden of showing that each of the four elements is met." *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011). Failure to satisfy any one of the requirements is fatal to the application. *Id.*

Rule 24(b) allows permissive intervention if three threshold requirements are met: (1) intervenor shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); Fed.R.Civ.P. 24(b)(2).

## ANALYSIS

### 1.    Intervention as a Matter of Right

There is really no dispute about the first three parts of the test for intervention as a matter of right. The applicants have established those requirements convincingly, and Defendants fail to even argue against the applicant's position on those three parts of the test. The only real question before the Court is the strength and scope of the United States government's representation, as Trustee, of the Tribe and Allottees' interest in Tract T3193A and Allotment 1156, respectively.

"The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). A presumption of adequate representation arises when the proposed intervenor and the "existing party have the same ultimate objective." *Id.* As such, a compelling showing is required to show inadequate representation when "the applicant's interest is identical to that of one of the present parties[.]" *Id.* "The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests *may be* inadequate." *Sullivan*, at *4 (internal citations omitted) (emphasis added).

Here, the applicants provide largely the same argument as to why each is not given adequate representation by the United States as Trustee. The Tribe claims that the United States lacks the expertise and unique perspective of Tract T3193A provided by the Tribe. Dkt 9 at *5. Additionally, the Tribe argues that the United States is unable to represent the Tribe's understanding of the nature and extent of the damage caused by the Howell's trespass and conversion. *Id.* Alternatively, Allottees believe they can be successful pursuing punitive damages against the Howells to deter future behavior of this nature. Dkt 29 at *6.

First, there is no sufficient support for the argument that the United States, as Trustee, does not have, or cannot acquire, the knowledge and expertise regarding the properties in question. For example, government lawyers can meet with the applicants to gain a better understanding of the properties. Moreover, if necessary, the applicants could

file amicus briefs to "ensure that the interests" of the Tribe and Allottees are heard. *Shoshone-Bannock Tribes of Fort Hall Reservation v U.S. Dept. of Interior*, 2010 WL 3173108, at *1 (D. Idaho Aug. 10, 2010).

As for punitive damages, the proposed intervenors are correct that the United States is not pursuing such a claim. By seeking a broader remedy that is not subject to the same statute of limitation as the United States, the Allottees argue they can adequately speak to the continuing trespass and nuisance committed by the Howells. The Court disagrees, however. The Ninth Circuit in *Arakaki* held that when "parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention." 324 F.3d at 1086. This is further supported by the fact that the United States is seeking relief for conversion which is absent from both applicants' motions. Though punitive damages is a different form of relief not sought by the United States here, it is not of such relevance to differentiate such a claim from the government's goal of obtaining monetary and remedial relief from the Howells. Under these circumstances, the Court will deny intervention as a matter of right.

## 2. Permissive Intervention

As explained above, 24(b) allows permissive intervention if three threshold requirements are met: (1) intervenor shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); Fed.R.Civ.P. 24(b)(2). The Court may use its discretion when allowing a

permissive intervenor given the intervention will not "unduly delay or prejudice" the rights of the original parties. Fed.R.Civ.P. 24(b)(3). When exercising its discretion, the Court should avoid "piling on" litigants without cause. *Shosone-Bannock* at *1 (Court finding that "intervention may lead to redundant arguments and a piling on effect").

The applicant's motion was timely, and the Court has subject-matter jurisdiction in this case. Whether the applicants share a common question of law or fact with the litigation at hand is straightforward. Both applicants have previously, and are currently, directly affected by the Howell's alleged actions. If the applicants sued the Howells separately, they would most likely bring similar or identical claims. Thus, the applicants share a common question of law or fact with the present action. Moreover, the proceedings will not be unduly delayed and the Howells will not be prejudiced by allowing the applicants to intervene – the applicants' motions do not state or infer that additional time would be needed for discovery. And nothing suggests the Howells would have to prepare any additional arguments or defenses if the applicants were allowed to intervene. Accordingly, the Court will grant the applicants' motions to intervene.

The Court will note, however, that it is concerned that allowing two additional parties to intervene may cause additional and unnecessary briefing on future dispositive motions. For this reason, the Court may require that the parties discuss the number of briefs, page limits, etc., with the Court before filing motions.

## ORDER

IT IS ORDERED:

1. Nez Perce Tribe's Motion to Intervene (Dkt. 9) is **GRANTED**.

2. Allottees' Motion to Intervene (Dkt. 29) is **GRANTED**.

DATED: September 19, 2018

B. Lynn Winmill
Chief U.S. District Court Judge